# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JASON PARKER, | § |
| | § |
| V. | § A-19-CV-00017-RP |
| | § |
| MARIE JUST SHEILA, et al. | § |

## ORDER

Before the Court are Plaintiff's Motion for Leave to File Affidavits Concerning Costs and Necessity of Service under Texas Civil Practice and Remedies Code § 18.001 (Dkt. No. 43) and the associated responses and replies. The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. Background

This is a personal injury case arising out of a motor vehicle accident. Plaintiff Jason Parker seeks leave of Court to file affidavits concerning the reasonableness of cost and necessity of his medical care and expenses under Texas Civil Practice and Remedies Code § 18.001. Section 18.001 allows a party to use an affidavit (which would otherwise qualify as hearsay), as admissible evidence at trial to prove up the reasonableness and necessity of medical charges and services. Parker asserts that § 18.001 is substantive law applicable in federal court, and application of this Texas rule is proper because it is "intertwined with a litigant's substantive rights." *See* Dkt. No. 43 at 4. Defendants respond that § 18.001 is "purely procedural," relying on two recent Texas Supreme Court cases. As such, Defendants argue, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), requires that this Court hold that § 18.001 is inapplicable.

## II. Legal Standard

In diversity cases, federal courts generally apply state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965); *Gasperini v. Ctr. of Humanities, Inc.*, 518 U.S. 415, 426-27 (1996) (citing *Erie*, 304 U.S. at 78). "Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995). "The Supreme Court, however, has made clear that *Erie* and its progeny do not require the federal court to depart from the Federal Rules of Civil Procedure in cases where those rules conflict with state law, even if state law is in some sense 'substantive.'" *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803 (E.D. Tex. 2001) (citing *Boone v. Knight*, 131 F.R.D. 609, 611 (S.D. Ga. 1990)).

## III. Analysis

As noted, at issue is § 18.001(b) of the Texas Civil Practice and Remedies Code, which provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

TEX. CIV. PRAC. & REM. CODE § 18.001(b). The applicability of § 18.001 in federal court was addressed for the first time in *Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006). After conducting an *Erie* analysis, the court there found that § 18.001 "is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable

administration of the law." *Id.* The *Rahimi* court noted it was required to conduct an *Erie* analysis because the Texas Supreme Court had yet to decide whether § 18.001 was procedural or substantive. *Id.* at 827. Five years after *Rahimi* was decided, the Texas Supreme Court issued its opinion in *Haygood v. De Escabedo*, where it described § 18.001 as "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." 356 S.W.3d 390, 397 (Tex. 2011). The Texas Supreme Court reiterated this in 2018, explaining that § 18.001 affidavits are "purely procedural." *Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018).

After *Haygood* federal courts in Texas were split on whether § 18.001 is procedural or substantive. *See Akpan v. United States*, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (procedural); *Gorman v. ESA Mgmt., LLC*, 2018 WL 295793, at *1 (N.D. Tex. Jan. 4, 2018) (substantive); *Holland v. United States*, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) (procedural); *Cruzata v. Wal-Mart Stores Tex., LLC*, 2015 WL 1980719, at *6 (W.D. Tex. May 1, 2015) (substantive); *Bowman v. Cheeseman, LLC*, 2014 WL 11515575, at *1 (N.D. Tex. Dec. 9, 2014) (substantive). The *Gunn* decision in 2018 does not seem to have altered things, as federal district courts continue to disagree about whether the statute is procedural or substantive law. *Bagley v. Dollar Tree Stores, Inc.*, 2019 WL 6492585, at *6 (E.D. Tex. Dec. 2, 2019) (substantive); *Ruelas v. Western Truck and Trailer & Trailer Maint.*, PE-18-CV-2-DC-DF, Dkt. No. 83 (W.D. Tex. Sept. 6, 2019) (procedural); *Grover v. Gov't Emps. Ins. Co.*, 2019 WL 2329321, at *1 (W.D. Tex. May 31, 2019) (substantive); *Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (relying on *Haygood*, procedural).

Given this split in authority, the Court has made its own analysis of this issue, and concludes that § 18.001 is best classified as procedural and not substantive state law. The Texas Supreme Court

was twice explicitly stated that § 18.001 is "purely procedural." *Haygood*, 356 S.W.3d at 397; *Gunn*, 554 S.W.3d at 674. When a federal court exercises diversity jurisdiction over state law claims, the court applies "state substantive law as stated in the final decisions of the state's highest court." *Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013). The reasoning employed in *Baird* is persuasive:

> The Texas Supreme Court has repeatedly stated that § 18.001 is purely procedural, and thus it is not necessary to address the twin aims of the *Erie* doctrine. Moreover, the court in *Rahimi* made an "*Erie* guess" when it allowed § 18.001 affidavits because the Texas Supreme Court had not yet addressed § 18.001. Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the statute is inapplicable in federal court.

*Baird*, 2019 WL 2286084 at *2. *See also Holland,* 2016 WL 11605952, at *1.

Following the Texas Supreme Court's determination that § 18.001(b) is procedural, and noting further that the Federal Rules of Evidence govern the admissibility of evidence in diversity cases*,* Plaintiff's Motion for Leave to File Affidavits Concerning Costs and Necessity of Service under Texas Civil Practice and Remedies Code § 18.001 (Dkt. No. 43) is **DENIED**.

SIGNED this 3rd day of April, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE