# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JASON PARKER, | § | |
| | § | |
| V. | § | A-19-CV-00017-RP |
| | § | |
| MARIE SHEILA JUST, et al. | § | |

## ORDER

Before the Court is Plaintiff's Objections and Motion to Quash and Motion for Protective Order (Dkt. No. 53); and Defendants' Response. The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. Background

This is a lawsuit seeking damages for personal injuries suffered after a motor vehicle accident. Parker alleges the Defendants were at fault and that he suffered injuries to his spine as a result of the accident. The Defendants served a deposition by written questions and subpoena on Parker's insurer, United Services Automobile Association, on February 24, 2020. Parker objects to the deposition and subpoena and moves to quash the subpoena and for a protective order. Defendants seek:

> Any and all records from 01/01/1994 through 8/30/2012 including but not limited to applications for benefits, PIP records, medical records or/ disbursements/ bills, statements and/or explanations of benefits, claim activity, estimates, color copies of photographs and/or reproductions of original photographs and/or negatives, diagrams, maps, witness statements, investigation files, field notes, incident reports, narrative reports, audio tapes and/or tape recordings, videotapes, correspondence and anything else in the possession, custody or control of said witness.

Ex. A to Dkt. No. 54. Parker makes two main arguments in support of his motion: (1) Defendants have previously requested similar information from Plaintiff's insurer, which the Court quashed; and

(2) the request seeks documents outside the scope of discovery. Parker asserts that the accident that is the subject of the suit occurred on August 31, 2017, and yet Defendants request insurance records spanning 1994 through 2012, which he asserts are irrelevant.

Defendants respond that through discovery, they have learned that Parker had surgery on his lumbar spine in the 1994 to 1995 time frame, prior to the accident in issue. They argue this prior back surgery is relevant as Parker's recent 2019 cervical spine surgery is part of his damages claim. The discovery seeks information as to why Parker had the previous spinal surgery and whether he suffered a long-standing and on-going degeneration of his spine prior to the accident in issue or whether he was involved in a prior accident causing the need for the earlier surgery. Thus they argue, the discovery requested is relevant and material, and not overbroad.

## II. Legal Standard

Rule 26(b)(1) permits:

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits.

FED. R. CIV. P. 26(b)(1). Rule 26(c) authorizes a court, for good cause, to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Parker, as the party seeking a protective order to prevent the discovery of information and documents from his insurer, who is a nonparty to the suit, bears the burden of establishing the necessity of the order. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

### III. Analysis

The Court finds that Parker has failed to meet his burden and his motion should be denied. First, his claim that the District Court has already quashed a similar discovery request holds no water. The Court did not address the merits of the motion, but rather granted it as unopposed. Dkt. No. 19. Because the court did not reach the merits of the issue, there is no decision to follow, and moreover the issue is contested this time.

As to the argument that the request is outside the proper scope of discovery, this argument is similarly without merit. Parker complains about temporal scope and the subject matter of the request, but while the time frame of the request is lengthy, it seeks information beginning around the date of the prior spinal surgery, the time after that surgery and related claims information. Given that the primary injury at issue in this case is a spinal injury, there is little question that that discovery regarding a prior spinal surgery, and resultant care, is relevant to a claim or defense in the case. Additionally, in light of Parker's failure to disclose the reason for his previous spinal surgery and his surgeon's lack of information on the prior surgery, the time frame and breadth of the request is appropriate. The request to USAA is proper.

Accordingly, Plaintiff's Motion to Quash and Motion for Protective Order (Dkt. No. 53) is **DENIED.** This case is hereby **RETURNED** to the docket of Judge Robert Pitman.

SIGNED this 3rd day of April, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE